IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AARON AKEY, BRIAN ALLEN, | ) | |
| JARED BARNETT, BRIAN BAY, | ) | |
| MICHAEL BERNADI, JAMES BORTOLI, | ) | |
| JOSEPH CAMPBELL, ANDRES CAMPOS, | ) | |
| JAMES CHIAPPETTA, MICHAEL CONNELL, | ) | |
| ANDREW DAVIS, MICHAEL DEJEWSKI, | ) | |
| ZORIN DOBSON, DAVID DONDLINGER, | ) | |
| BRENDAN DONOVAN, DANIEL DURBIN, | ) | |
| DENNIS EDWARDS, JOSHUA ERICKS, | ) | |
| NERY FAJARDO, NATHANIEL FALKENSTEIN, | ) | |
| DEREK FERGUSON, GUY GALSTER, | ) | |
| JOHN GIBNEY, JOSEPH GILMARTIN, | ) | |
| MICHAEL GIRKA, KENNETH GRAY, JR., | ) | |
| STEVEN GULIK, JR., ZACHARY HALL, | ) | |
| LEELAND HARE, DAVID HATZ, | ) | |
| ARTHUR HOLTZ, SEAN JENSEN, | ) | |
| ANDREW JOHNSON, CHRISTOPHER KALUZNY, | ) | |
| BRIAN KIM, AARON KUZAVA, | ) | Case No. |
| LARRY LACOURSIERE, ANDREW LAMM, | ) | |
| BRUCE LAMPE, NICHOLAS LIBBY, | ) | Judge: |
| REBECCA MARTIN, CARL MCINTYRE, | ) | |
| JOSHUA MCKEAN, SEAN MCKIBBEN, | ) | |
| JOHN MCSORLEY, MICHELLE MEDROW-KIELSKI, | ) | |
| ALAN MEEKMA, ROBERT MEYER, | ) | |
| MIKE MULKA, DAVID MULLINS, | ) | |
| SCOTT NAGEL, MICHAEL NICOLL, | ) | |
| SANTOS NODAL, SHIRLEE NOVAK, | ) | |
| PHILIP PALUTSIS, JUSTIN PAUL, JIMMY PIGG, | ) | |
| ANDREW PISHA, DANIEL POTOCHNIC, | ) | |
| ANGELO POWELL, CHARLES READER, | ) | |
| WILLIAM RIGGS, RONALD SIELING, | ) | |
| GARY SKROGSTAD, JASON SKRZYPIEC, | ) | |
| MICHAEL SNIDER, DENNIS SPECHA, | ) | |
| MICHAEL STEVENS, JOSEPH TRUCANO, | ) | |
| BLAIR VAKILI, SCOTT VAN HAM, | ) | |
| RONALD VANDERHYDEN, JR., DAVID VOLDEN, | ) | |
| CARLA WILDS, PAUL ZIMMERMAN, JOHN ZURA, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| On Behalf of Themselves And | ) | |
| All Others Similarly Situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| EXELON GENERATION COMPANY, LLC | ) | |
| Defendant. | ) | |

322409_1

## COMPLAINT

### Collective Action under FLSA
### Class Action under FED.R.CIV.P. 23 for ILLINOIS WAGE & HOUR LAW

The above captioned Plaintiffs, on their own behalf, and all others similarly situated, by and through their attorneys, KLEIN, THORPE & JENKINS, LTD., for their Complaint against Defendant, **EXELON GENERATION COMPANY, LLC,** state as follows:

### INTRODUCTION

1. This is a collective action brought by nuclear operators of Exelon Generation Company, LLC ("Defendant") generating stations for purposes of obtaining relief under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), as well as a class action pursuant to the Federal Rules of Civil Procedure, Rule 23 and in accordance with the Illinois Minimum Wage Law, 820 I.L.C.S. § 105/1, *et seq.* (the "IMWL"), and the Illinois Wage Payment and Collection Act, 820 I.L.C.S. § 115/1, *et seq.* (the "IWPCA"), against Defendant, its subsidiaries and affiliates.

2. Defendant has willfully violated the FLSA, IMWL and IWPCA by intentionally failing and refusing to pay Plaintiff and other similarly situated employees all compensation due them under these laws and their implementing regulations over the course of **the last three years.**

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331 because this case arises under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*

4. This Court has supplemental jurisdiction over the Plaintiffs' related state law claims under 28 U.S.C. § 1367 because: (a) these claims are part of the same case and controversy as the FLSA claim; (b) the state and federal claims derive from a common

nucleus of operative fact; (c) the state law claims will not substantially dominate over the FLSA claim; and (d) exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

5. Venue is proper under 28 U.S.C. § 1391 because: (a) a substantial part of the events and omissions giving rise to the claims occurred in this District; (b) there is personal jurisdiction in this District over Defendant Exelon Generation Company, LLC; and (c) presently and at all times, Defendant has conducted substantial, continuous and systematic commercial activities in this District.

## FACUTAL BACKGROUND

6. FLSA Collective Action Plaintiffs, AARON AKEY, BRIAN ALLEN, JARED BARNETT, BRIAN BAY, MICHAEL BERNADI, JAMES BORTOLI, JOSEPH CAMPBELL, ANDRES CAMPOS, JAMES CHIAPPETTA, MICHAEL CONNELL, ANDREW DAVIS, MICHAEL DEJEWSKI, ZORIN DOBSON, DAVID DONDLINGER, BRENDAN DONOVAN, DANIEL DURBIN, DENNIS EDWARDS, JOSHUA ERICKS, NERY FAJARDO, NATHANIEL FALKENSTEIN, DEREK FERGUSON, GUY GALSTER, JOHN GIBNEY, JOSEPH GILMARTIN, MICHAEL GIRKA, KENNETH GRAY, JR., STEVEN GULIK, JR., ZACHARY HALL, LEELAND HARE, DAVID HATZ, ARTHUR HOLTZ, SEAN JENSEN, ANDREW JOHNSON, CHRISTOPHER KALUZNY, BRIAN KIM, AARON KUZAVA, LARRY LACOURSIERE, ANDREW LAMM, BRUCE LAMPE, NICHOLAS LIBBY, REBECCA MARTIN, CARL MCINTYRE, JOSHUA MCKEAN, SEAN MCKIBBEN, JOHN MCSORLEY, MICHELLE MEDROW-KIELSKI, ALAN MEEKMA, ROBERT MEYER, MIKE MULKA, DAVID MULLINS, SCOTT NAGEL, MICHAEL NICOLL, SANTOS NODAL, SHIRLEE NOVAK, PHILIP PALUTSIS, JUSTIN PAUL, JIMMY PIGG, ANDREW PISHA, DANIEL

POTOCHNIC, ANGELO POWELL, CHARLES READER, WILLIAM RIGGS, RONALD SIELING, GARY SKROGSTAD, JASON SKRZYPIEC, MICHAEL SNIDER, DENNIS SPECHA, MICHAEL STEVENS, JOSEPH TRUCANO, BLAIR VAKILI, SCOTT VAN HAM, RONALD VANDERHYDEN, JR., DAVID VOLDEN, CARLA WILDS, PAUL ZIMMERMAN, and JOHN ZURA, are current and former nuclear operators employed by Defendant and working out of either the Braidwood, Byron, Dresden, LaSalle or Quad Cities nuclear generating facilities, all of which are located in the State of Illinois.

7. Plaintiff and Rule 23 Class Representative, KENNETH GRAY, JR., is a nuclear operator currently employed by Defendant and is a resident of the State of Illinois.

8. Plaintiffs are individuals who have worked for Defendant as nuclear operators during the statutory period. Plaintiffs share similar job titles, training, job descriptions, job requirements and compensation plans, amongst other things.

9. Defendant operates multiple nuclear generation plants in the State of Illinois, including the following stations: Braidwood, Byron, Dresden, LaSalle and Quad Cities.

10. Defendant managed Plaintiffs' work, including the number of hours worked. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

11. Plaintiffs are not exempt from the FLSA, the IMWL, or the IWPCA under federal or state law.

12. Defendant requires nuclear operators, such as Plaintiffs, to work in either 8-hour or 12-hour shifts. Each shift for nuclear operators ends with a shift turnover.

13. Defendant employs a policy, OP-AA-112-101, mandating specific shift turnover and relief activities to be completed by nuclear operators at the beginning and end of each shift at all Exelon Generation Company, LLC generating stations.

14. Per the Defendant's shift turnover and relief policy, both the outgoing and incoming nuclear operator are required to complete specific activities and documentation during every shift turnover.

15. The shift turnover and relief activities are performed as a matter of nuclear safety.

16. Although Plaintiffs and similarly situated employees are required to complete this shift turnover and relief process prior to or immediately following their shifts at Exelon Generation Company, LLC, they have received no overtime compensation for the additional time they spend doing so, despite being entitled to such compensation under applicable law. Instead, they are paid only for their 8-hour or 12-hour shift, with no additional pay for the time spent completing the mandatory shift turnover and relief process.

17. Despite the requirement to do so, Defendant failed to properly pay Plaintiffs overtime compensation for time worked during the mandatory shift turnover and relief process.

18. Throughout the statutory period, Plaintiffs regularly worked the mandatory shift turnover and relief process without compensation. This practice of failing to pay Plaintiffs for actual hours worked violates provisions of the FLSA, IMWL and IWPCA. As a result of Defendant's unlawful practice, Plaintiffs suffered a loss of wages by Defendant.

19. Defendant knew, and was aware at all times, of the above-mentioned violations.

20. In fact, Defendant was made aware of these violations on multiple occasions by the Plaintiffs through their collective bargaining representative. Further, Defendant compensates its nuclear operators at its Clinton, Illinois nuclear generating station, for engaging in the turnover and relief activities at issue in this case.

21. The conduct alleged above reduced Defendant's labor and payroll costs.

22. Plaintiffs and similarly situated employees were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of compensation.

As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of state and federal wage and hour laws, Plaintiffs and similarly situated employees suffered lost wages and other damages.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

23. This Claim for Relief is properly brought under and maintained as an opt-in Collective Action pursuant to the FLSA, 29 U.S.C. § 216(b), by Plaintiffs and on behalf of the collective class of employees of Defendant.

24. The proposed opt-in collective class of similarly situated persons is defined as:

   **All current and former nuclear operators employed by Defendant, within three (3) years of the filing of this Complaint, plus periods of tolling, working at the following nuclear generating facilities: Braidwood, Byron, Dresden, LaSalle and Quad Cities, who were subject to Defendant's unlawful policy of not compensating nuclear operators for turnover and relief activities.**

25. Upon information and belief, Plaintiffs and the collective class are, and have been, similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's common decision, policy, plan, program, practice, procedure, protocol, routine and/or rule, under which Defendant has willfully failed and refused to compensate them for overtime work during the mandatory shift turnover and relief process.

26. Defendant encouraged, suffered and permitted the Plaintiffs and the collective class to work without the proper compensation.

27. Defendant knew that Representative Plaintiffs and the collective class performed work that required additional wages to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive the representative Plaintiffs and the collective class of wages.

28. The collective class is readily ascertainable. For purposes of notice and other purposes related to this action, their names, phone numbers and addresses are readily available from Defendant. Notice can be provided to the collective class via first class mail to the last address known to Exelon Generation Company, LLC.

### RULE 23 CLASS ALLEGATIONS

29. Plaintiff and Rule 23 Class Representative, KENNETH GRAY, JR., brings claims for relief on his own and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all members of the following class:

> **All current and former nuclear operators employed by Defendant, within three (3) years of the filing of this Complaint, plus periods of tolling, working at the following nuclear generating facilities: Braidwood, Byron, Dresden, LaSalle and Quad Cities, who were subject to Defendant's unlawful policy of not compensating nuclear operators for turnover and relief activities.**

30. The action is properly maintainable as a class action because:

    a. The class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact that are common to the class;

    c. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    d. The Representative Plaintiff will fairly and adequately protect the interests of the Class.

### Numerosity

31. On information and belief, the total number of putative class members represents at least 600 individuals. The exact number of class members may be determined from Defendant's records.

### Commonality

32. There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

    a. Whether Defendant failed to compensate class members for all the work it required, encouraged or permitted class members to perform in completing turnover and relief activities;

    b. Whether Defendant willfully failed to comply with state wage and hour laws.

33. Plaintiffs anticipate that Defendant will raise defenses that are common to the class.

### Adequacy

34. The Representative Plaintiff will fairly and adequately protect the interests of the class. He has retained experienced counsel that is competent in the prosecution of complex litigation.

### Typicality

35. The claims asserted by the Representative Plaintiff are typical of the class members he seeks to represent. The Representative Plaintiff has the same interest and suffers from the same injury as the class members.

36. Upon information and belief, there are no other class members who have an interest in individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she may opt out of this action pursuant to Rule 23.

### Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

37. The questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendant's alleged underlying activities and impact of its policies and practices affected class members in the same manner: they were subjected to a policy of suffering work without pay.

38. A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impeded the ability of class members to protect their interests.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs incorporate by reference all preceding paragraphs.

40. The Representative Plaintiffs and other nuclear operators are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

41. Through its actions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate the Representative Plaintiffs and others for all actual time worked at proper rate of pay.

42. The foregoing actions of Defendant violated, and continue to violate, the FLSA.

43. Defendant's actions were willful and not in good faith.

44. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

45. Defendant is liable to Plaintiffs and other similarly situated employees for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

46. Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

**WHEREFORE**, the Plaintiffs referenced in the caption of this Complaint, individually and on behalf of all others similarly situated, by and through their attorneys respectfully pray for relief as follows for Count I of this Complaint:

   a. Designation of this action as a collective action on behalf of the class members and issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative representation action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join, pursuant to 29 U.S.C. § 216(b);

   b. Designation of the Plaintiffs referenced in the caption of the Complaint as Representative Plaintiffs of the collective action members;

   c. Designation of KLEIN, THORPE & JENKINS, LTD., as the attorneys representing the putative representative action plaintiffs;

   d. A declaration that the Defendant is financially responsible for notifying all members of the collective action of its alleged wage and hour violations;

   e. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

    f. An award of damages for compensation to Plaintiffs and each member of the collective class, including liquidated damages, to be paid by Defendant;

    g. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

    h. An injunction barring Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    i. Pre-judgment and post-judgment interest, as provided by law; and

    j. Any and all such further legal and equitable relief as may be necessary, just and proper.

## COUNT II

## VIOLATION OF ILLINOIS MINIMUM WAGE LAW

47. Plaintiff incorporates by reference all preceding paragraphs.

48. Plaintiff, KENNETH GRAY, JR. is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

49. Defendant is an "employer" and Plaintiff and class members are "employees" under the Illinois Minimum Wage Law ("IMWL"), 820 I.L.C.S. § 105 *et seq.*

50. The IMWL, 820 I.L.C.S. § 105 *et seq.*, provides that no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of two percent (2%) of the

amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

51. Defendant violated the IMWL, 820 I.L.C.S. § 105 *et seq.*, by regularly and repeatedly failing to properly compensate Plaintiff and class members for the hours they worked performing turnover and relief activities.

52. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer lost wages and other damages.

53. Plaintiff and class members are also entitled to injunctive relief to prevent Defendant from continuing its violation of these statutory provisions and other appropriate class-wide injunctive relief.

## COUNT III

### VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

54. Plaintiff, KENNETH GRAY, JR., incorporates by reference all preceding paragraphs.

55. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

56. The Illinois Wage Payment and Collection Act (the "IWPCA"), 820 I.L.C.S. § 115 *et seq.*, requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. The IWPCA also requires employers to pay the final compensation of separated employees in full at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

57. Plaintiff and Defendant entered into an agreement to pay Plaintiff and class members for all the time they worked, as required by the IWPCA, 820 I.L.C.S. § 115 *et seq.*

58. Defendant violated the IWPCA, 820 I.L.C.S. § 115 *et seq.*, when it failed to properly compensate Plaintiff and class members for the hours they worked performing turnover and relief activities.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer lost wages and other damages.

60. Plaintiff and class members are also entitled to injunctive relief to prevent Defendant from continuing its violation of these statutory provisions and other appropriate class-wide injunctive relief.

**WHEREFORE**, the Plaintiff, KENNETH GRAY, JR., individually and on behalf of all others similarly situated, by and through his attorneys respectfully prays for relief as follows for Counts II and III of this Complaint:

    a. Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the class members and issuance of notice pursuant to all class members apprising them of the pendency of this action;

    b. Designation of KENNETH GRAY, JR., as Representative Plaintiff of the class members;

    c. Designation of KLEIN, THORPE & JENKINS, LTD., as the attorneys representing the putative representative action plaintiffs;

    d. A declaratory judgment that the Defendant has willfully, intentionally and wrongfully violated its statutory obligations and deprived the Plaintiff and all other similarly situated of their entitlement under the IMWL and IWPCA;

    e. An injunction barring Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

  f. An award of monetary damages to Plaintiff and each member of the class in the form of compensation, including penalty or liquidated damages, allowed under Illinois law, equal to their unpaid compensation;

  g. Pre-judgment and post-judgment interest, as provided by Illinois law, including but not limited to, two percent (2%) interest per month on all wages due until fully paid;

  h. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

  i. Any and all such further legal and equitable relief as may be necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury in this action with respect to all triable issues.

                  Respectfully submitted,

                  Plaintiffs
                  By One of Their Attorneys:

                  /s/Jason A. Guisinger

Jason A. Guisinger
Lance C. Malina
Klein, Thorpe & Jenkins Ltd.
20 N. Wacker Drive, Suite 1660
Chicago, Illinois 60606
T: (312) 984-6400
F: (312) 984-6444
jaguisinger@ktjlaw.com