**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AARON AKEY, BRIAN ALLEN, ) <br> JARED BARNETT, BRIAN BAY, ) <br> MICHAEL BERNADI, JAMES BORTOLI, ) <br> JOSEPH CAMPBELL, ANDRES CAMPOS, ) <br> JAMES CHIAPPETTA, MICHAEL CONNELL, ) <br> ANDREW DAVIS, MICHAEL DEJEWSKI, ) <br> ZORIN DOBSON, DAVID DONDLINGER, ) <br> BRENDAN DONOVAN, DANIEL DURBIN, ) <br> DENNIS EDWARDS, JOSHUA ERICKS, ) <br> NERY FAJARDO, NATHANIEL FALKENSTEIN, ) <br> DEREK FERGUSON, GUY GALSTER, ) <br> JOHN GIBNEY, JOSEPH GILMARTIN, ) <br> MICHAEL GIRKA, KENNETH GRAY, JR., ) <br> STEVEN GULIK, JR., ZACHARY HALL, ) <br> LEELAND HARE, DAVID HATZ, ) <br> ARTHUR HOLTZ, SEAN JENSEN, ) <br> ANDREW JOHNSON, CHRISTOPHER KALUZNY, ) <br> BRIAN KIM, AARON KUZAVA, ) <br> LARRY LACOURSIERE, ANDREW LAMM, ) <br> BRUCE LAMPE, NICHOLAS LIBBY, ) <br> REBECCA MARTIN, CARL MCINTYRE, ) <br> JOSHUA MCKEAN, SEAN MCKIBBEN, ) <br> JOHN MCSORLEY, MICHELLE MEDROW-KIELSKI, ) <br> ALAN MEEKMA, ROBERT MEYER, ) <br> MIKE MULKA, DAVID MULLINS, ) <br> SCOTT NAGEL, MICHAEL NICOLL, ) <br> SANTOS NODAL, SHIRLEE NOVAK, ) <br> PHILIP PALUTSIS, JUSTIN PAUL, JIMMY PIGG, ) <br> ANDREW PISHA, DANIEL POTOCHNIC, ) <br> ANGELO POWELL, CHARLES READER, ) <br> WILLIAM RIGGS, RONALD SIELING, ) <br> GARY SKROGSTAD, JASON SKRZYPIEC, ) <br> MICHAEL SNIDER, DENNIS SPECHA, ) <br> MICHAEL STEVENS, JOSEPH TRUCANO, ) <br> BLAIR VAKILI, SCOTT VAN HAM, ) <br> RONALD VANDERHYDEN, JR., DAVID VOLDEN, ) <br> CARLA WILDS, PAUL ZIMMERMAN, JOHN ZURA, ) <br> ) <br> On Behalf of Themselves and ) <br> Others Similarly Situated ) <br> Plaintiffs, ) <br> v. ) | Case No. 14-cv-01179 <br><br> Hon. Samuel Der-Yeghiayan <br> Magistrate Judge Susan Cox |

|  |  |
|---|---|
| EXELON GENERATION COMPANY, LLC<br>Defendant. | )<br>)<br>)<br>) |

## PETITION FOR ATTORNEYS' FEES

Plaintiffs, through their attorney, Jason A. Guisinger of Klein, Thorpe & Jenkins, Ltd. ("Class Counsel"), petitions this Honorable Court for an award of attorneys' fees and costs incurred in the prosecution of this Class Action on behalf of the Plaintiffs and the class that has been certified for settlement purposes. In support of this Petition, the Plaintiffs state as follows:

### I. INTRODUCTION

Class Counsel undertook the representation of the Class on a contingency fee basis. Class Counsel's agreement with the Plaintiffs entitled Class Counsel to 33.33% of any recovery obtained in this matter. The Settlement Fund achieved through Class Counsel's efforts is $950,000. Pursuant to the contingency fee agreement, Class Counsel is entitled to attorneys' fees in the amount of $313,500.

Nonetheless, in order to maximize the recovery of the Class, Class Counsel has agreed to only seek attorneys' fees in the amount of $200,000, which represents less than 22% of the Settlement Fund. The award sought is reasonable and appropriate because Class Counsel litigated this matter without compensation from the investigative stages all the way through class-wide resolution on behalf of the Class, and obtained a settlement that provides substantial relief to the Class members. Fee awards in the amount of 33.33% of a settlement fund are within the Seventh Circuit's standards, and the Seventh Circuit has issued awards as high as 40% of a class action settlement fund. Therefore, Class Counsel's request for $200,000 in fees, or less than 22% of the Settlement Fund, is fair and reasonable.

Further, Class Counsel's request for attorneys' fees is made pursuant to a settlement agreement with the Defendant, Exelon Corporation ("Exelon"), in which Exelon has agreed to pay Class Counsel $200,000 in fees.

## II. THE ATTORNEYS' FEES SOUGHT AND APPROVED BY CLASS-WIDE SETTLEMENT ARE REASONABLE

The procedural history of this matter, the nature of the class action suit, and the time and effort expended by the parties in reaching a preliminary settlement of this matter, are outlined in the *Memorandum in Support of Joint Motion for Final Approval of Class Action Settlement*, and incorporated herein. *See* Document # 42.

The Seventh Circuit has specifically authorized the district courts to award attorney's fees using the lodestar method or the percentage of fund method. *Cook v. Niedert*, 142 F.3d 1004, 1010 (7th Cir. 1998); *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001); *Americana Art China Co., Inc. v. Foxfire Printing and Packaging, Inc.*, 743 F.3d 243, 247 (7th Cir. 2014) (quoting *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566 (7th Cir. 1994), "[W]e are of the opinion that both the lodestar approach and the percentage approach may be appropriate in determining attorney's fee awards, depending on the circumstances. . . .[T]he decision whether to use a percentage method or a lodestar method remains in the discretion of the district court."). While a district court may use the lodestar method, the percentage of recovery method, or some combination of the two, *Florin v. Nationsbank of Georgia, N.A.*, 60 F.3d 1245, 1247 n. 2 (7th Cir. 1995) "'[t]he approach favored in the Seventh Circuit is to compute attorney's fees as a percentage of the benefit conferred upon the class especially where the percentage accurately reflects the market." *In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 280 F.R.D. 364, 379 (N.D. Ill. 2011) ("*Kentucky Chicken*") (internal quotations omitted) (holding that a fee request which represented approximately 32.7% of the fund created by the settlement

was both "reasonable" and "arguably below the norm" of market rate for contingency fee cases of 33 1/3-40% *plus* the cost of litigation). "Where the market for legal services in a class action is only for contingency fee agreements, and there is a substantial risk of nonpayment for the attorneys, the normal rate of compensation in the market" is "33.33% of the common fund recovered." *Kentucky Chicken*, 280 F.R.D. at 381 (Internal quotation omitted), is consistent with percentage sought here.

    **A. The Percentage of Recovery Method is Appropriate in this Case**

The Seventh Circuit has strongly endorsed the percentage of recovery benefit method as the best means for calculating class counsels' attorneys' fees. *See Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998); *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 650, 566 (7th Cir. 1994); *In the Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992). "Given the issues likely to arise in computing a lodestar, courts across the country, both federal and state, are retreating from a lodestar analysis in favor of setting common benefit fees at a percentage of the benefit secured . . . ." *In re Bayou Sorrel Class Action*, 6:04-cv-1101, 2006 WL 3230771, at *3 (W.D. La. Oct. 31, 2006) (collecting cases).

It is well established that when a representative party has created a "common fund" for, or has conferred a "substantial benefit" upon, an identifiable class, counsel for that party is entitled to an award of attorneys' fees from the fund. *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *In re: Synthroid Marketing Litigation*, 264 F.3d 712, 717 (7th Cir. 2001). When deciding on appropriate attorney compensation in a common-fund case, a court must endeavor to award "the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re: Synthroid Marketing Litigation*, 264 F.3d at 718.

The Seventh Circuit in *Synthroid* explained that determination of the market rate for the legal fees should be based in part on the following factors:

> The market rate for legal fees depends in part on the risk of nonpayment a firm agrees to bear, in part on the quality of its performance, in part on the amount of work necessary to resolve the litigation, and in part on the stakes of the case.

Id. at 721.

In deciding the appropriate fee under the percentage-of-recovery method, the Seventh Circuit has "consistently directed district courts to 'do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.'" *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007) (*quoting In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001)); *see also Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000) ("[T]he measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case.").

Here, the fee agreement between Class Counsel and Plaintiffs is contingent in nature. Courts have found that in commercial, non-class litigation, attorneys regularly negotiate contingent fee arrangements, for a fee of between 33.3% and 40% of the recovery. *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, 97-cv-7694, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) (citing *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986); *see also* Richard Posner, *Economic Analysis of Law* § 21.9, at 534-35 (3d ed. 1986) (explaining established practice to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases).

The same is equally true in the class action context, including in the Seventh Circuit. *See Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 00-584-DRH, 2004 WL 287902, at *2 (S.D. Ill. Jan. 22, 2004) (finding that 29% of the gross settlement is a reasonable fee award); *Gaskill*,

160 F.3d at 362-3 (noting that typical contingency fees are between 33% and 40% and that "[s]ome courts have suggested 25% as a benchmark figure for a contingent-fee award in a class action"); *Will v. Gen. Dynamics Corp.*, 06-698-GPM, 2010 WL 4818174, at *2 (S.D. Ill. Nov. 22, 2010) (stating that, where the market for legal services in a class action is only for contingency fee agreements, and there is a substantial risk of nonpayment for the attorneys, "the normal rate of compensation in the market" is "33.33% of the common fund recovered"); *Summers v. UAL Corp. ESOP Comm.*, 03-cv-1537, 2005 WL 3159450, at *2 (N.D. Ill. Nov. 22, 2005) (finding that attorneys' fees amounting to 16% of the gross settlement "is clearly within the range of what has been deemed reasonable by the Seventh Circuit") (citing *In re Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d at 572); *Meyenburg v. Exxon Mobil Corp.*, 3:05-cv-15-DGW, 2006 WL 2191422, at *2 (S.D. Ill. July 31, 2006) ("33 1/3% to 40% (plus the cost of litigation) is the standard contingent fee percentages in this legal marketplace for comparable commercial litigation."); *see also Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014) (stating that in consumer class actions, attorneys' fees should not exceed 50% "of the total amount of money going to class members and their counsel"). A Federal Judicial Center Study further supports the norm in attorney fee awards, finding that, in federal class actions, median attorney fee awards were in the range of 27% to 30%. Willging, Hooper & Niemic, *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules*, at 69 (Fed. Judicial Center 1996).

      Here, Plaintiffs are requesting – and Exelon has agreed to pay – less than 22% of the Settlement Fund in attorneys' fees ($200,000). As explained above, the Settlement Fund is approximately $950,000 and Class Counsel, pursuant to its fee agreement with the Plaintiffs, is

entitled to 33% of the Settlement Fund, or $313,500. Nevertheless, in order to maximize the recovery of his clients, Class Counsel has agreed to only seek $200,000 in fees.

WHEREFORE, Class Counsel respectfully requests that this Honorable Court grant this Fee Petition at the time of final approval of the class action settlement and award Class Counsel $200,000 in fees, as provided for in the Settlement Agreement in this case.

<u>Dated: October 20, 2015</u>　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Jason A. Guisinger*


Jason A. Guisinger jaguisinger@ktjlaw.com
KLEIN, THORPE & JENKINS, LTD
20 N. Wacker Drive, Suite 1660
Chicago, Illinois 60606
(p) 312-984-6462
(f) 312-984-6444
*Counsel for Plaintiffs*