

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AARON AKEY, BRIAN ALLEN,
JARED BARNETT, BRIAN BAY,
MICHAEL BERNADI, JAMES BORTOLI,
JOSEPH CAMPBELL, ANDRES CAMPOS,
JAMES CHIAPPETTA, MICHAEL CONNELL,
ANDREW DAVIS, MICHAEL DEJEWSKI,
ZORIN DOBSON, DAVID DONDLINGER,
BRENDAN DONOVAN, DANIEL DURBIN,
DENNIS EDWARDS, JOSHUA ERICKS, NERY
FAJARDO, NATHANIEL FALKENSTEIN,
DEREK FERGUSON, GUY GALSTER,
JOHN GIBNEY, JOSEPH GILMARTIN,
MICHAEL GIRKA, KENNETH GRAY, JR.,
STEVEN GULIK, JR., ZACHARY HALL,
LEELAND HARE, DAVID HATZ,
ARTHUR HOLTZ, SEAN JENSEN,
ANDREW JOHNSON, CHRISTOPHER
KALUZNY, BRIAN KIM, AARON KUZAVA,
LARRY LACOURSIERE, ANDREW LAMM,
BRUCE LAMPE, NICHOLAS LIBBY,
REBECCA MARTIN, CARL MCINTYRE,
JOSHUA MCKEAN, SEAN MCKIBBEN, JOHN
MCSORLEY, MICHELLE MEDROW-KIELSKI,
ALAN MEEKMA, ROBERT MEYER, MIKE
MULKA, DAVID MULLINS, SCOTT NAGEL,
MICHAEL NICOLL, SANTOS NODAL,
SHIRLEE NOVAK, PHILIP PALUTSIS, JUSTIN
PAUL, JIMMY PIGG, ANDREW PISHA,
DANIEL POTOCHNIC, ANGELO POWELL,
CHARLES READER, WILLIAM RIGGS,
RONALD SIELING, GARY SKROGSTAD,
JASON SKRZYPIEC, MICHAEL SNIDER,
DENNIS SPECHA, MICHAEL STEVENS,
JOSEPH TRUCANO, BLAIR VAKILI, SCOTT
VAN HAM, RONALD VANDERHYDEN, JR.,
DAVID VOLDEN, CARLA WILDS, PAUL
ZIMMERMAN, JOHN ZURA,

Case No. 14-cv-01179

Hon. Samuel Der-Yeghiayan
Magistrate Judge Michael T. Mason

On Behalf of Themselves And
All Others Similarly Situated,
       Plaintiffs,

v.

EXELON GENERATION COMPANY, LLC
      Defendant.

1

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Named Plaintiffs Aaron Akey, et. al. ("Plaintiff"), individually and on behalf of the settlement class, and Defendant Exelon Generation Company, LLC ("Exelon"), and its predecessors, successors and assigns, current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (collectively, "Exelon"), entered into a class and collective action settlement, the terms and conditions of which are set forth in the parties' Settlement Agreement and Release of Claims (hereafter, the "Settlement" or "Settlement Agreement"). Unless otherwise provided in this Order, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement.

On October 27, 2015, upon consideration of the Parties' Joint Motion For Final Approval of Class Action Settlement, and following a fairness hearing on October 27, 2015, it is hereby ORDERED that:

1. The class in this matter was previously certified by the Court's prior Order of July 30, 2015, and is defined as:

> "All current and former Equipment Operators, Nuclear (non-licensed operators) and Nuclear Station Operators (licensed operators) who are or have been employed by Exelon out of the Braidwood, Byron, Dresden, LaSalle, and Quad Cities facilities at any time since February 18, 2011 until July 30, 2015, the date the Court entered its order granting preliminary approval of the Agreement."

2. The class has been given notice of the proposed class and collective action settlement in accordance with the Court's Preliminary Approval Order dated July 30, 2015.

3. The Settlement Agreement was arrived at as a result of arm's length negotiations conducted in good faith by counsel for the parties, and is supported by the class representatives and class counsel.

4. The Court finds that the parties' Settlement Agreement was the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular, falls within a range of

2

reasonableness and appears to be fair, reasonable, and adequate as to members of the proposed settlement class.

5. The relief provided under the Settlement Agreement constitutes fair value given in exchange for the releases of the Settled Claims against the Released Parties.

6. The Parties' Joint Motion for Final Approval of the Class Settlement is GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

A. The Court grants final approval to the proposed class and collective action Settlement Agreement and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

B. Pursuant to the Settlement Agreement, the Complaint is DISMISSED WITH PREJUDICE and the claims are deemed released to the extent specified in the Settlement Agreement.

C. Class Counsel's Petition for Fees and Costs is GRANTED. An award of $200,000.00 in attorneys' fees and costs to Class Counsel Klein, Thorpe & Jenkins, Ltd. is approved and is to be paid in accordance with the terms of the Settlement Agreement.

D. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction over: (1) implementation and enforcement of the Settlement Agreement until the parties have performed the required actions thereunder; (2) any other action necessary to conclude this Settlement or to implement the Settlement Agreement; and (3) the enforcement, construction and interpretation of the Settlement Agreement.

IT IS SO ORDERED.

Date: November 12, 2015

*Samuel Der-Yeghiayan*
Hon. Samuel Der-Yeghiayan